*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-399

MARCH TERM, 2014

| | |
|---|---|
| Christopher Webb | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Andrew Pallito, Charles E. Samuels, Jr. | } DOCKET NO. 213-4-13 Wncv |
| and Tamyra Jarvis | } |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Petitioner, an inmate committed to the custody of the Commissioner of Corrections, appeals pro se from a superior court order dismissing his petition for a writ of habeas corpus. He contends that the trial court erred in rejecting claims that his out-of-state confinement violated provisions of the Vermont and U.S. Constitutions. We reverse and remand.

Petitioner was convicted in Vermont of various felonies and sentenced to a term of imprisonment of thirty to sixty-three years. At the request of the Department of Corrections, he was transferred to a federal correctional facility in Florida.

In April 2013, petitioner filed a pro se petition for writ of habeas corpus, principally alleging that: (1) his confinement in Florida violated the provision of the Vermont Constitution providing "[t]hat no person shall be liable to be transported out of this state for trial for any offense committed within the same," Vt. Const. ch. I, art. 21; and (2) he was denied certain rights and privileges in Florida that were afforded prisoners in Vermont, in violation of his equal protection rights under the Fourteenth Amendment of the U.S. Constitution. Following a status conference in late April 2013, the trial court dismissed the petition, finding no basis for the state constitutional claim, but subsequently granted petitioner's motion for reconsideration to address the remaining equal protection claim. Thereafter, in July 2013, the court issued a written decision reaffirming its earlier ruling and also finding no basis for the equal protection claim. Accordingly, the court dismissed the petition and entered judgment in favor of defendants. This appeal followed.

Petitioner initially contends the court erred in dismissing the petition without holding a hearing or issuing the writ in the first instance. The claim is without merit. See V.R.C.P. 80.4 (providing for hearing on habeas petition if "required," and for dismissal on motion where complaint fails to set forth a basis for the relief requested).

Petitioner also renews his claim that Chapter I, Article 21 of the Vermont Constitution prohibits his out-of-state confinement. We considered this constitutional provision in <u>Daye v.</u>

State, however, and specifically rejected the claim that it was designed as an " 'anti-transportation' clause to forbid the common law English practice of 'banishment' or exile of prisoners." 171 Vt. 475, 485 (2000). "Having determined independently to forbid the transportation of persons out of state for trial," we explained, "it is reasonable to assume that—had they so desired—the framers could also have expressly prohibited the transportation of prisoners out of state." Id. at 485-86. We thus find no merit to the claim, and no basis to disturb the court's dismissal of this claim.[1]

Petitioner also renews his claim that the Florida correctional facility's denial of the same visitation rights, rehabilitative programs, and housing opportunities offered to prisoners in Vermont violates his equal protection rights. The State argues that habeas corpus relief is unavailable on this basis for two reasons: first, petitioner does not state any claim that would affect the length of his sentence or result in his immediate release; and second, petitioner is entitled to be treated equally with similarly situated prisoners in Florida, not Vermont. The State is certainly correct that the writ of habeas corpus is generally available only to a state prisoner who is "challenging the fact or duration of his physical confinement itself," and who is "seeking immediate release or a speedier release from that confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973), overruled on other grounds by Heck v. Humphrey, 512 U.S. 477, 482 (1994); see also In re M.B., 2004 VT 58, ¶ 8, 177 Vt. 481 (mem.) (reaffirming rule that confined person "has no right to a writ of habeas corpus unless he is entitled to immediate release, and the writ will not issue unless he is presently restrained of his liberty without warrant of law" (emphasis omitted)). We do not generally elevate form over substance in analyzing pro se pleadings, however, and therefore will address petitioner's complaint on its terms, as one seeking injunctive relief from what he perceives as unequal treatment, regardless of its label.

The State is also correct that we rejected a similar claim in Daye, but the argument there was predicated on the Interstate Corrections Compact, while petitioner's here is based on the Equal Protection Clause. 171 Vt. at 481-82. More to the point is our more recent decision in Nichols v. Hofmann, 2010 VT 36, 188 Vt. 1, where we addressed an inmate's claim that the Department of Corrections had violated the Equal Protection Clause by providing free stamps to inmates housed in Vermont but not to inmates housed in out-of-state facilities. Although the DOC argued, as here, "that plaintiffs are not similarly situated with in-state inmates solely on the basis that they are house out of state," we rejected the argument, "conclud[ing] that this fact, alone, does not show that plaintiffs are not situated similarly with in-state inmates for purposes of an entitlement to stamps." Id. ¶ 18. In so holding, we stressed that procedurally the case, like the matter before us here, was at the pleading stage—the trial court having granted the State's motion to dismiss—and thus we had little factual context to analyze the claim and the State's argument that it was unduly "onerous to have different policies on communication for different inmates." Id. ¶ 19. Accordingly, we concluded that the trial court had acted "prematurely" in dismissing the claim, and remanded for further proceedings. Id.

The same conclusion follows here. Although the allegations are different, involving allegedly different visitation and programming afforded Vermont inmates in a Florida federal correctional facility, we conclude that dismissal was premature, and therefore that that the matter

---

[1] Petitioner's assertion that the original provision in the 1777 Vermont Constitution contained commas before and after the phrase "for trial" does not alter this conclusion.

2

must be remanded to allow further development of the factual record and informed analysis of the claim.

Petitioner also contends that his confinement out of state violates the federal RICO statute, as well as treaty provisions prohibiting torture and cruel and inhumane punishment. These claims were not raised with the trial court in the petition for writ of habeas corpus or the motion for reconsideration which the trial court granted, and therefore were not preserved for review on appeal. See State v. Ben-Mont Corp., 163 Vt. 53, 61 (1989) ("To properly preserve an issue for appeal a party must present the issue with specific and clarity in a manner which gives the trial court a fair opportunity to rule on it.").[2]

Petitioner also raises a host of additional claims, including summary assertions that various state officials lacked authority to act without having taken an oath or affirmation of office, and that defendant Pallito's filings were invalid due to conflicts of interest. The record does not disclose that these claims were properly raised in the trial court and preserved for review on appeal.

Reversed and remanded for further proceedings consistent with the views expressed herein.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

---

[2] Although the torture claim was briefly asserted in a post-judgment "motion for arrest of judgment," this was insufficient to afford the court a full and fair opportunity to rule on it. See In re Central Vt. Pub. Serv. Corp., 2006 VT 70, ¶ 12, 180 Vt. 563 (new claim raised in footnote of motion for reconsideration was insufficient to fairly raise issue with Board and preserve claim for review on appeal).